ANTHONY H. SON (CA Bar No. 190478)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone: 202-719-7416
Fax: 202-719-7049
ason@wileyrein.com

*Attorneys for Plaintiff Electronic Creations Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC CREATIONS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT REAL ESTATE, INC.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Electronic Creations Corporation ("ECC" or "Plaintiff"), for its Complaint against Defendant Ascent Real Estate, Inc. ("Ascent" or "Defendant"), alleges:

## NATURE OF THE SUIT

1. This action seeks a court declaration that ECC's use of the ascentrealestate.com domain name does not infringe on or dilute any valid and protectable trademark owned by Ascent, including the marks A ASCENT REAL ESTATE (and design) and ASCENT REAL ESTATE.

## JURISDICTION AND VENUE

2. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201 and 2202, and under the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a) and 1125(c). This Court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because ECC does business in this district and a substantial part of the events giving rise to this litigation occurred in

this district, including the marketing and sales of services associated with the accused infringing domain name and website.

4. This Court has personal jurisdiction over Ascent because, on information and belief, it does business in and throughout the State of California and therefore has purposefully availed itself of the laws of the State in which this judicial district sits.

## PARTIES

5. Plaintiff ECC is a corporation organized and existing under the laws of the state of Colorado, having a principal business address of 1275 Fourth Street, Suite 276, Santa Rosa, CA 95404. ECC is registered to do business in California under the name ELCR.

6. On information and belief, Defendant Ascent is a corporation organized and existing under the laws of the State of California, having a principal place of business at Bankers Hill, 410 Kalmia, San Diego, California 92101. On information and belief, Ascent does business throughout the State of California. On information and belief, Ascent was established in 2005.

## BACKGROUND

### ECC and Its Business

7. Established in 1996, ECC is an Internet development company that provides unique electronic services tailored for the web including building, leasing, and managing websites.

8. ECC manages websites, e-mail accounts, and Internet domain names (web addresses) for clients across the globe.

9. ECC's websites are solid and reliable, with user interfaces that speak of utter simplicity while allowing the highest functionality and the most complex interaction with a database. ECC's websites provide valuable information, tools, and services to consumers.

10. ECC's websites include, for example, ascentrealestate.com, PropertyAppraisal.com, GoAuto.com, Pup.com, ElectronicCreations.com, VH.com, Cobb.com, SonomaProperty.com, CommercialProperties.com, ElectronicAppraisal.com, CyberRealty.com, DuckPond.com, MT.org, Petaluma.org, We.org, IllinoisTrader.com, IowaTrader.com, MichiganTrader.com, MinnesotaTrader.com, OhioTrader.com, and WisconsinTrader.com.

11. Internet domain names, or "web addresses," such as the domain name at the center of this dispute, have an exceedingly high value because domain names are needed to locate and access Internet websites and there are a limited number of available domain names.

**ECC'S Registration and Use of the Ascentrealestate.com Domain Name**

12. ECC is the owner of the ascentrealestate.com domain name and acquired the domain name because the Ascent brand is positive and uplifting, and has religious connotations for one of the principals of ECC. ECC's portfolio of Ascent formative domain names includes the following: AscentRealEstate.com, AscendRealEstate.com, AscensionHomes.com, AscensionProperties.com, AscensionProperty.com, AscensionRealEstate.com, and AscensionRealty.com.

13. ECC has used the ascentrealestate.com domain name to display webpages containing information about various services related to real estate.

14. ECC has used and/or licensed the ascentrealestate.com domain name continuously since acquiring the domain name.

15. ECC has displayed a website through the ascentrealestate.com domain name that includes a search function for real estate which is provided by ZipRealty, Inc. ("ZipRealty"). Upon information and belief, ZipRealty is a corporation organized under the laws of the State of California with its principal place of business at 2000 Powell Street, Suite 300, Emeryville, California 94608.

**Ascent's Accusation of Trademark Infringement and Lanham Act Violations**

16. On information and belief, Ascent was formed as a corporation with the state of California on April 4, 2005.

17. On information and belief, Ascent or its principal registered the domain name ascentrealestate**.net** on or about March 30, 2005 after learning that ascentrealestate**.com** had already been registered.

18. Ascent claims ownership of two U.S. registered trademarks: A ASCENT REAL ESTATE (and Design), Registration No. 3,195,161; and ASCENT REAL ESTATE, Registration No. 4,230,114 (referred to herein collectively as "the Ascent Marks").

3  COMPLAINT FOR DECLARATORY RELIEF

19. The mark A ASCENT REAL ESTATE (and Design), Registration No. 3,195,161, was issued by the U.S. Patent and Trademark Office on January 2, 2007. The application for the mark A ASCENT REAL ESTATE (and Design), Registration No. 3,195,161, was filed on June 2, 2005.

20. Registration No. 3,195,161 claims a sworn date of first use of the trademark in U.S. interstate commerce of April 4, 2005—the same day that Ascent was incorporated.

21. Registration No. 3,195,161 includes a sworn affidavit by Ascent that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

22. The mark ASCENT REAL ESTATE, Registration No. 4,230,114, was issued by the U.S. Patent and Trademark Office on October 23, 2012. The application for the mark ASCENT REAL ESTATE, Registration No. 4,230,114, was filed on March 21, 2012.

23. Registration No. 4,230,114 claims a sworn date of first use of the trademark in U.S. interstate commerce of April 1, 2005—three days before Ascent was incorporated.

24. Registration No. 4,230,114 includes a sworn affidavit by Ascent that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

25. On April 8, 2013, Ascent sent a letter ("Ascent April 2013 Letter") to ECC's business partner ZipRealty, asserting Ascent's purported rights associated with the Ascent Marks. *See* Exhibit A.

26. A copy of the Ascent April 2013 Letter was sent by Ascent to ECC.

27. The Ascent April 2013 Letter asserted that ZipRealty's use of the term "Ascent Real Estate" in the ascentrealestate.com domain name infringes Ascent's trademarks, is actionable under the Lanham Act, and that such conduct is actionable under California state law

1  as trademark infringement, unfair competition, injury to business reputation, and trademark
2  dilution.

3     28.      The Ascent April 2013 Letter further demanded that ZipRealty, Inc. cease and
4  desist from all further use of "Ascent Real Estate."

5     29.      ECC, via a letter dated April 30, 2013 ("ECC April 2013 Letter"), responded to
6  Ascent's threat of trademark infringement and the other purported legal violations. *See* Exhibit
7  B.

8     30.      In the ECC April 2013 Letter, ECC also requested that Ascent retract its claim of
9  trademark infringement and other purported violations. ECC further warned that, if Ascent did
10 not retract its claims, ECC would consider pursuing: (1) the cancellation of Ascent's trademark
11 registrations on grounds of priority; (2) a claim of tortious interference; and (3) a declaration of
12 the lawfulness of ECC's actions under the Lanham Act and the Anticybersquatting Consumer
13 Protection Act ("ACPA").

14     31.      Ascent responded in writing via a letter dated June 14, 2013 ("Ascent June 2013
15 Letter"). *See* Exhibit C.

16     32.      In the Ascent June 2013 Letter, Ascent did not withdraw its accusations of
17 trademark and other violations set forth in its April 2013 Letter. In the Ascent June 2013 Letter,
18 Ascent reiterated its belief that "ECC and ZipRealty are in violation of the Lanham Act."

19 **COUNT I**
20 **CLAIM FOR DECLARATORY RELIEF**
21 **(Declaration of No Trademark Infringement)**

22     33.      ECC incorporates herein by reference each and every allegation contained in
23 Paragraphs 1-32 above, as though fully set forth herein.

24     34.      By virtue of the Ascent April 2013 Letter and the Ascent June 2013 Letter, there is
25 an actual and existing controversy between ECC and Ascent in that Ascent has demanded that
26 ECC and its business partner cease using the ascentrealestate.com domain name and transfer the
27 ascentrealestate.com domain name to Ascent. Ascent has not renounced the threatened claims
28 against ECC under the Lanham Act and common law.

35. ECC contends that Ascent's use of the ascentrealestate.com domain name infringes the Ascent Marks, among other contentions.

36. ECC disputes Ascent's contentions, and contends, among other things, that ECC's use of the ascentrealestate.com domain name does not infringe or dilute any valid federal trademark registration or common law trademark right owned by Ascent, does not constitute unfair competition, and does not cause injury to Ascent's business reputation.

37. In light of such controversy between the parties, ECC seeks a declaration from this Court that ECC's use of the ascentrealestate.com domain name does not infringe or dilute any valid trademark registrations owned by Ascent or any common law rights Ascent may have accrued through the use of the Ascent Marks and does not violate any applicable common law or statutory unfair competition law.

38. Such a declaration is necessary and proper at this time in that, among other things, such a declaration will establish whether ECC and its business partner ZipRealty, Inc. may continue using the ascentrealestate.com domain name.

## COUNT II

## CLAIM FOR DECLARATORY RELIEF

### (Declaration of No Cyberpiracy)

39. ECC incorporates herein by reference each and every allegation contained in Paragraphs 1-38 above, as though fully set forth herein.

40. By virtue of the Ascent April 2013 Letter and the Ascent June 2013 Letter, there is an actual and existing controversy between ECC and Ascent in that Ascent has demanded that ECC and its business partner cease using the ascentrealestate.com domain name. Ascent has not renounced the threatened claim against ECC under the Anticybersquatting Consumer Protection Act.

41. The actions described above by ECC evidence the absence of a bad faith intent to profit, within the meaning of Anticybersquatting Consumer Protection Act, by ECC.

42. The actions described above evidence a belief by ECC that the use of the domain name was a fair use or otherwise lawful.

43. The actions described above evidence reasonable grounds for belief by ECC that the use of the domain name was a fair use or otherwise lawful.

44. ECC is entitled to a judgment of no bad faith intent in the registration or use of the domain name.

45. In light of such controversy between the parties, ECC seeks a declaration from this Court that ECC's registration and use of the ascentrealestate.com domain name does not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

46. Such a declaration is necessary and proper at this time in that, among other things, such a declaration will establish whether ECC and its business partner ZipRealty, Inc. may continue using the ascentrealestate.com domain name.

## PRAYER FOR RELIEF

WHEREFORE, ECC respectfully requests of this Court:

1. For a declaration that the ECC's use of the ascentrealestate.com domain name does not:

   a. Infringe or dilute any of Ascent's registered trademarks or any common law rights it might have accrued;

   b. Violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a);

   c. Violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   d. Violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

   e. Violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); or

   f. Violate any applicable common law or statutory unfair competition law;

2. That the Court order an award of costs and reasonable attorneys' fees, pursuant to the Lanham Act, or as otherwise permitted by law, incurred by ECC in connection with this action; and

/ / /

/ / /

/ / /

/ / /

3. That ECC be awarded such other and further relief as the Court may deem just and proper.

Dated: October 7, 2013

Respectfully submitted,

   */s/ Anthony H. Son*
By:    Anthony H. Son

**WILEY REIN LLP**
Anthony H. Son

*Attorneys for Plaintiff*
*ELECTRONIC CREATIONS CORPORATION*